UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | 5:06-cr-00017-LSC-SGC-1 |
| ) | |
| FRANKLIN LAMAR KELLOGG, ) | |
| Defendant/Movant. ) | |

MEMORANDUM OF OPINION AND ORDER

Defendant, Franklin Lamar Kellogg ("Kellogg"), has filed two *pro se* motions pursuant to Federal Rule of Criminal Procedure 36 in which he requests the correction of alleged clerical errors in the written judgment on re-sentencing that was entered in this action on February 6, 2012. (Docs. 107 and 108.) For the following reasons, the motions are due to be denied.

I.   Background

Kellogg was convicted by a jury in this Court on July 9, 2007, of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); one count of knowingly using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and one count of felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). He was sentenced on December 5, 2007, to the custody of the Bureau of Prisons to the maximum 300 months on Count 1; 660 months on Count 3 to run concurrently; and the mandatory-minimum 300 months on Count 2 to run consecutive to the other sentences, for a total sentence of 960 months' imprisonment. Kellogg was also sentenced to a term of supervised release of 60 months; ordered to pay a fine in the amount of $1950.00, and ordered to pay restitution in the amount of $9830.00. On December 6, 2007, the judgment was entered which reflected the aforementioned verdict and sentence.

After the Court granted in part Kellogg's petition to vacate his sentence pursuant to 28 U.S.C. § 2255, the Court vacated Kellogg's conviction on Count 3 of the indictment and vacated his 660 month sentence as calculated and imposed on that count alone. Kellogg was re-sentenced by this Court on February 2, 2012. Kellogg requested and was granted permission to proceed without the aid of an attorney at the re-sentencing, although the Court ordered Kellogg's appointed attorney to remain in a standby capacity. The Court pronounced at sentencing, and the written judgment entered February 6, 2012 reflects, that Kellogg was sentenced to a term of imprisonment for 960 months consisting of 300 months as to Count 1 and 660 months as to Count 2, with Count 2 to run consecutively to Count 1, and to a term of

supervised release upon release from imprisonment for 60 months. Kellogg was also ordered to pay a fine of $1,950.00 and restitution in the amount of $9,830.00.

II.   Discussion

In the first motion, Kellogg argues that pursuant to Rule 31 of the Federal Rules of Criminal Procedure, his written judgment should not state that he is to pay his restitution obligation "immediately" because he is not currently able to pay his restitution obligation. Kellogg states that at his sentencing hearing, the Court ordered that restitution was not to be paid until he was released from imprisonment.

In the second motion, Kellogg seeks to amend his first motion insofar as he is requesting relief pursuant to Rule 36 of the Federal Rules of Criminal Procedure, not Rule 31. Also in the second motion, Kellogg adds that his written judgment insofar as it orders him to pay the fine in the amount of $1,950.00 does not reflect the Court's seizure of his automobile as payment towards the $1,950.00 fine. Additionally, he states that the Court's oral pronouncement of the amount of his fine and of his restitution obligation at his sentencing hearing did not include interest as stated in the written judgment.

Rule 36 of the Federal Rules of Criminal Procedure provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a

judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Rule 36 only allows for the correction of "clerical mistakes" and "may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (internal quotations omitted).  In *Portillo*, the Eleventh Circuit held that Rule 36 was the proper vehicle for the district court to correct a judgment to conform to the court's oral pronouncement at sentencing regarding a restitution order, noting that the mistake was clerical because it was "minor and mechanical" and "did not fundamentally alter Portillo's sentence." *Id.* at 1165. When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs.  *See United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990).

Although a motion pursuant to Rule 36 is the proper vehicle through which to request that a court correct a clerical mistake in a written judgment so that it conforms with the court's oral pronouncement at sentencing, Kellogg is not entitled to relief under Rule 36 on any of his arguments.

As to his first argument that the written judgment conflicts with the oral pronouncement of sentence with regard to whether his restitution obligation is due

immediately, the record from the sentencing hearing forecloses the claim. At re-sentencing, Kellogg stated that he objected to the imposition of restitution because he "do[es] not have the ability to pay either the restitution or the fine, the conditions in the prisons with the economy and all, I don't make as much." (Doc. 97 at 23.) He also reiterated that he would like the Court to consider his "inability to pay, not having any funds as far as the restitution is concerned also." (Doc. 97 at 25.) The Court overruled Kellogg's objection, stating:

> With regard to the request that the restitution order, the restitution order take into account the defendant's inability to pay, I already do that and I recognize that restitution is going to have to be paid out over time, but the defendant is obviously a smart individual as he has demonstrated today and I believe will be capable of obtaining gainful employment once he is released from prison. And I believe that then he will be able to work out a payment schedule to pay those amounts and restitution.

(Doc. 97 at 29.) The Court then orally pronounced a restitution obligation, stating: "Restitution in the amount of $9,830 previously ordered, will continue to be ordered, in the amount and as to the recipients and the terms as previously stated in the judgment previously entered by this Court." (Doc. 97 at 29.) The written judgment entered several days later states that "[r]estitution is due and payable immediately," but it also provides that: "[u]pon release from imprisonment, any remaining balance shall be paid in monthly installments during the period of supervision in accordance

with the financial guidelines previously approved by the court for use in this district and administered by the probation office." (Doc. 89.)

Contrary to Kellogg's argument, while the Court took into account that in all likelihood Kellogg would not be able to pay his restitution obligation until he was released from prison and then according to the terms of a payment plan, the Court never indicated at sentencing that restitution would not be due immediately. As there is thus no conflict between the record at sentencing and the written judgment, there is no clerical error to correct pursuant to Rule 36.

With regard to Kellogg's second argument, that the written judgment does not reflect the fact that the Court stated at re-sentencing that the $1,950.00 fine had been satisfied through the seizure of his automobile, the Court's colloquy with Kellogg at re-sentencing again forecloses this claim, as follows:

| | |
|---|---|
| THE COURT: | Objection eight appears to be that you impose, you object to the imposition of any fine because you cannot pay it. Your car was seized for the payments of any fine and it would cost too harsh of a sentence. |
| | Are you saying that you have already lost your car? |
| THE DEFENDANT: | Yes, sir. At the previous sentencing hearing, I filed a motion for return of seized property and your Honor did grant that motion only to |

|                |                                                                                                                                                                                                                                                                                                               |
|----------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                | the extent which they seized the automobile for payment for a fine, blue book value of payment of the fine. And I am saying that the imposition of a further fine would be harsh because I do not have the ability to pay either the restitution or the fine, the conditions in the prisons with the economy and all, I don't make as much. |
| THE COURT:     | How much of your fine, I originally fined you—                                                                                                                                                                                                                                                                |
| THE DEFENDANT: | $1,980, the blue book value of the automobile.                                                                                                                                                                                                                                                                |
| THE COURT:     | Okay. And they took your automobile?                                                                                                                                                                                                                                                                          |
| THE DEFENDANT: | Yes, sir.                                                                                                                                                                                                                                                                                                     |
| THE COURT:     | And are you wanting your automobile back, is that what you are saying?                                                                                                                                                                                                                                        |
| THE DEFENDANT: | No, sir. I am saying that the fine has been satisfied through the seizure of the automobile.                                                                                                                                                                                                                  |
| THE COURT:     | Right.                                                                                                                                                                                                                                                                                                        |
| THE DEFENDANT: | And I am asking the Court not to impose a further fine because of my inability to pay.                                                                                                                                                                                                                        |
| THE COURT:     | You just want it kept at the $1,900 that you have already been fined.                                                                                                                                                                                                                                         |
| THE DEFENDANT: | And recognize it as satisfied.                                                                                                                                                                                                                                                                                |
| THE COURT:     | Government, has that fine been satisfied?                                                                                                                                                                                                                                                                     |

| | |
|---|---|
| MR. SALTER: | Judge, I just don't know for sure right now. I do recall though the discussion about the selling of the car and the blue book value of the car at the initial sentencing. |
| THE COURT: | The Court fined the Defendant originally $1,950. Is anybody asking me to change that, to go further? |
| MR. SALTER: | No, sir, we are not. |
| THE COURT: | I am not going to go further. So to the extent that satisfies your – you just don't want me to fine you more, I am not going to mark anything satisfied, that's either been satisfied or it hasn't. I don't have the record in front of me, so it either has been or it hasn't. I don't intend to do something that gets you a refund of a fine that's already been paid, increases it or decreases. I am not doing either on the fine. |

(Doc. 97 at 23-25.)

The Court stated that it would not mark the $1950 fine as satisfied; accordingly there is no conflict between the record at sentencing and the written judgment such that the written judgment contains a clerical error. Relief under Rule 36 is not warranted with respect to this argument. To the extent Kellogg argues that his $1950 fine violates the law, such an argument should have been made on direct appeal from the re-sentencing. *See Portillo*, 363 F.3d at 1164 (Rule 36 " may not be used to make

a substantive alteration to a criminal sentence").

Kellogg's final argument is that the written judgment does not reflect that the Court orally pronounced at sentencing that there was to be no interest associated with both his fine and restitution obligations. As to the fine, the written judgment specifically indicates that "[t]he Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived." (Doc. 89.) As to the restitution obligation, the Court never stated at sentencing that it was to be paid without interest. Accordingly, the fact that the written judgment orders restitution to be paid with interest is not a clerical error. Again, to the extent Kellogg takes issue with the amount of restitution imposed, such an argument should have been raised on direct appeal. *See Portillo*, 363 F.3d at 1164.

Although Rule 36 relief is not warranted, the Court is to construe a prisoner's *pro se* filings liberally. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). To the extent Kellogg's motions could be construed as 28 U.S.C. § 2255 petitions, the Court would not have jurisdiction to consider them because Kellogg previously filed a § 2255 motion that was denied with prejudice and has not obtained authorization from the court of appeals to file a second or successive § 2255 motion. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Even if he had, any such § 2255 motion would

fail to state a claim for relief because a federal prisoner cannot utilize § 2255 to challenge a restitution order or a fine. *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1989).

III.    Conclusion

For the foregoing reasons, Kellogg's motions (docs. 107 and 108) are hereby DENIED.

Done this 22nd day of January 2015.

                        L. Scott Coogler
                   United States District Judge
                                       [160704]